United States District Court
Southern District of Texas
**ENTERED**
December 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HUMBERTO ROSALES CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-297 |
| | § | |
| RODRIGUEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Humberto Rosales Cruz is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Daniel Unit in Snyder, Texas.  Plaintiff's claims in this lawsuit occurred in connection with Plaintiff's former housing assignment to the McConnell Unit in Beeville, Texas.

On January 25, 2019, Plaintiff filed his Original Complaint in the Victoria Division of this Court, naming "Dr. Mrs. Rodriguez" as the sole defendant.  (D.E. 1).  Plaintiff claims that this defendant acted with deliberate indifference to his serious medical needs.  Plaintiff seeks monetary relief.

On April 25, 2019, District Judge Kenneth M. Hoyt directed Plaintiff to file a more definite statement as to his allegations and claims.  (D.E. 8).  Plaintiff subsequently filed his More Definite Statement.  (D.E. 9).  On October 8, 2019, Judge Hoyt transferred Plaintiff's action to the Corpus Christi Division of this Court.  (D.E. 15).  In his More Definite Statement, Plaintiff states that the following McConnell Unit security officials also violated his constitutional rights: (1) Martinez; (2) Madrigal, and (3) Ramirez.[2]

Plaintiff alleges the following in his Original Complaint and More Definite Statement: On April 7, 2017, Plaintiff fell from the top bunk in his cell, broke his left arm, and hurt his left

---

[2] Plaintiff has provided the Court only with the last names of these security officials.  In a separate order, the undersigned will direct that the Court add these three individuals as defendants in this case.

2 / 11

knee. At the time of the fall, Plaintiff and his cellmate tried to get the attention of Defendant Ramirez. However, Defendant Ramirez did not open the row containing Plaintiff's cell and left the area. Defendant Ramirez returned to Plaintiff's cellblock thirty minutes later and responded to calls to help Plaintiff.

Dr. Rodriguez first diagnosed Plaintiff with a broken left arm and determined that Plaintiff needed to be sent to the nearest emergency room. Defendant Martinez transported Plaintiff to the Beeville Hospital's emergency room. Despite knowing that Plaintiff's left arm was broken and that Plaintiff was in pain, Defendant Martinez handcuffed Plaintiff's hands together. According to Plaintiff, Defendant Madrigal was responsible for taking Plaintiff to get x-rays. Plaintiff alleges Defendant Madrigal acted sarcastically toward Plaintiff, commenting once that Plaintiff "looked like an elderly person trying to get around." (D.E. 9, p. 3).

Plaintiff was taken to the Beeville Hospital where he received an x-ray and soft bandage after waiting several hours at the hospital. When he returned to the McConnell Unit, he was placed in the same cell and top bunk.

On October 10, 2017, Plaintiff was assigned to the Jester 3 Unit in order to receive physical therapy for his left arm. While housed at the Jester 3 Unit, Plaintiff was assigned to work in the kitchen despite the fact that the staff knew he was injured. Plaintiff was provided with no medical restrictions during his assignment to the Jester 3 Unit. Plaintiff further complains that he was denied proper attention for his medical issues after being transferred to the Stevenson Unit in Cuero, Texas. Specifically, Plaintiff states that he was denied proper therapy and more medication during his stay at the Stevenson Unit.

Plaintiff currently suffers from general problems with his left arm and knee. He has been refused braces for both his arm and knee. He has been provided with Ibuprofen and was recently given calcium and Vitamin D pills.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible

theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Deliberate Indifference to Serious Medical Needs

Liberally construed, Plaintiff alleges that Defendants Rodriguez, Ramirez, Martinez, and Madrigal acted with deliberate indifference to his serious medical needs. Prisoners are protected from cruel and unusual punishment by the Eighth Amendment. While not mandating a certain level of medical care for prisoners, the Eighth Amendment imposes a duty on prison

officials to ensure that inmates receive adequate medical care. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Deliberate indifference may be exhibited by prison doctors in their response

to prisoners' needs, but it may also be shown when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm*." *Easter*, 467 F.3d at 464 (emphasis in original).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346. Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. "Even proof of gross negligence does not establish deliberate indifference." *Levine v. Taylor*, No. 3:12-CV-186, 2017 WL 1215426, at *7 (S.D. Tex. Mar. 31, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013)).

### (1) Defendant Ramirez

Plaintiff alleges that Defendant Ramirez failed to check Plaintiff's cell or otherwise promptly answer the calls for help by Plaintiff and his cellmate after Plaintiff fell from the top bunk. Plaintiff's allegations reflect, however, that Defendant Ramirez responded thirty minutes later to assist Plaintiff. Plaintiff's allegations further fail to suggest that Defendant Ramirez was aware of any risk of serious harm to Plaintiff and ignored such a risk by deliberately delaying help for Plaintiff. Lastly, Plaintiff provides no allegations to suggest that the thirty-minute delay in assisting Plaintiff resulted in substantial harm to Plaintiff. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claim

against Defendant Ramirez be dismissed for failure to state a claim for relief and/or as frivolous.

### (2) Dr. Rodriguez

Plaintiff alleges that Dr. Rodriguez diagnosed Plaintiff with a broken left arm and determined that Plaintiff needed to be sent to the nearest emergency room. Plaintiff's allegations indicate that Dr. Rodriguez provided prompt treatment to Plaintiff. They fail to suggest Dr. Rodriguez was aware of a serious risk of serious harm to Plaintiff and deliberately ignored that risk in connection with the care provided to Plaintiff. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claim against Dr. Rodriguez be dismissed for failure to state a claim for relief and/or as frivolous.

### (3) Defendant Martinez

Plaintiff alleges that Defendant Martinez transported Plaintiff to the Beeville Hospital emergency room and that, despite knowing Plaintiff was in pain from a broken arm, handcuffed Plaintiff's hands together. Plaintiff, however, alleges nothing to suggest that Defendant Martinez had any medical training to properly ascertain the severity of Plaintiff's arm injury. Plaintiff's allegations fail to indicate Defendant Martinez was aware of a serious risk of serious harm to Plaintiff and deliberately ignored that risk by handcuffing Plaintiff. Lastly, Plaintiff provides no allegations to suggest that Plaintiff's placement in handcuffs resulted in substantial harm to Plaintiff. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claim against Defendant Martinez be dismissed for failure to state a claim for relief and/or as frivolous.

### (4) Defendant Madrigal

Plaintiff alleges that Defendant Madrigal: (1) was responsible for taking Plaintiff to get x-rays; and (2) acted sarcastically toward Plaintiff, commenting once that Plaintiff "looked like an elderly person trying to get around." (D.E. 9, p. 3). Plaintiff's allegations do not indicate that Defendant Madrigal denied or delayed Plaintiff from receiving his x-ray. While Defendant Madrigal's attitude toward Plaintiff may have been less than ideal, Plaintiff's allegations fail to suggest that Defendant Madrigal acted with the requisite deliberate indifference. Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claim against Defendant Madrigal be dismissed for failure to state a claim for relief and/or as frivolous.

### B. Remaining Allegations

In his More Definite Statement, Plaintiff raises allegations with respect to the medical care he received at both the Jester 3 Unit in Richmond, Texas, and the Stevenson Unit in Cuero, Texas. He also attaches numerous exhibits to both his Original Complaint and More Definite Statement detailing his informal and formal grievances concerning the medical care received at these two units. Plaintiff does not name in this action any prison or medical official from either the Jester 3 or Stevenson Unit.

Neither the Jester 3 Unit nor the Stevenson Unit is located in the Corpus Christi Division of the Southern District of Texas. Thus, to the extent that Plaintiff raises any claims regarding the medical care afforded to him at these units, he must file separate civil rights actions in the appropriate federal court or courts.

## V.     RECOMMENDATION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 19th day of December 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).